**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | |
|---|---|
| DANA B. BLEVINS, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JACOB A. PIATT, *et al.* )<br>)<br>Defendants. ) | Civil Action No. 15-cv-01551-ELH |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
JACOB PIATT'S MOTION TO STRIKE CERTAIN
IMMATERIAL, IMPERTINENT, OR SCANDALOUS
ALLEGATIONS FROM PLAINTIFFS' COMPLAINT**

**BACKGROUND**

This action arises from a motor vehicle accident that allegedly occurred on or about May 9, 2013 at the intersection of Conowingo Drive and Shuresville Road in Harford County, Maryland ("the Occurrence").

On May 28, 2015, Plaintiffs, Dana Blevins and Garrett Brackins, filed a Complaint in the above-captioned matter against Defendants, Jacob Piatt, James White, and Beatrice White, alleging that the Defendants' negligence on the day of the Occurrence caused the Plaintiffs to suffer injuries and damages. Plaintiffs' Complaint is comprised of three counts, Count I - Negligence against Mr. Piatt, who was allegedly driving one of the vehicles involved in the Occurrence, Count II - Negligent Entrustment against the Whites based on their alleged ownership of the vehicle, and Count III - Negligent Hiring or Retention against the Whites based on their alleged ownership of the vehicle.

1

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading any immaterial, impertinent, or scandalous matter. Court's have "considerable discretion to determine motions to strike. . ." *Xerox Corp. v. ImaTek*, Inc. 220 F.R.D. 241, 243 (D. Md. 2003). Generally, allegations will be struck under Rule 12(f) if they are both immaterial and prejudicial. *Hare v. Family Publ'ns Service, Inc.*, 342 F.Supp. 678, 685 (D. Md. 1972) (allegation that party refused to discuss settlement stricken as absolutely irrelevant and potentially prejudicial). The otherwise disfavored nature of Rule 12(f) is relaxed in the context of scandalous allegations which improperly cast a derogatory light on someone. *Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, Civil No. JKB-09-2657, 2011 WL 2415014 at *3 (D. Md. Jun. 10, 2011) (not reported) (citing 5C Wright & Miller, Fed. Prac. Proc. Civ. § 1382 (3d ed. 2011)).

**ARGUMENT**

All or parts of the allegations in paragraphs 14, 15, 16, and 20(e) of the Complaint are immaterial, impertinent, and scandalous and should be stricken. These allegations are prejudicial and are improperly included solely to portray Mr. Piatt in a negative light. The allegations of the paragraphs at issue are as follows (portions that should be stricken are underlined):

> 14. The damage done to Mr. Brackins' vehicle was substantial<u>, resulting in a total loss to the vehicle</u>. As a result of the heavy impact, Mr. Brackins, Ms. Blevins and Ms. Mahala<u>, who were all wearing seatbelts</u> were violently thrown about and against the interior of the vehicle.
>
> <u>15. As a result of the subject incident, Mr. Piatt was charged with the following violations of Maryland law: (1) CDS Possession of Paraphernalia; (2) CDS Possession of Marijuana; (3) Failure to Obey Traffic Control Device; (4)</u>

<u>Driving in Excess of Reasonable and Prudent Speed; and (5) Failure to Drive on Right Half of Road.</u>

<u>16. On or about November 18, 2013, in the District Court of Maryland for Harford County, Mr. Piatt was found guilty and was granted probation before judgment on the charge of CDS Possession of Marijuana; was found guilty of Failure to Obey Traffic Control Device, and was granted Stets on the remaining three charges.</u>

20. e. failing to obey the laws and statutes of the State of Maryland, including, but not limited to: failing to yield the right of way, failing to obey a traffic control device, failing to drive within the marked lanes on a highway, failing to drive on the right half of the road, failing to control speed to avoid an accident, driving in excess of reasonable and prudent speed<u>, driving under the influence of drugs and/or alcohol, possession of controlled dangerous substance paraphernalia, and possession of marijuana.</u>

### A.   Whether Brackins' Car was a Total Loss is Irrelevant and Prejudicial and Should be Stricken

Plaintiff Brackins previously made a claim for property damage to his vehicle allegedly arising out of the Occurrence. That property damage claim was resolved between the insurers for Plaintiff Brackins and Defendant Piatt. The allegation in paragraph 14 "resulting in a total loss to the vehicle," relates only to the resolution of the property damage claims. Under Maryland law, a settlement made by an insurer related to a claim of property damage arising from motor vehicle accident may not be construed as admission of liability with respect to other claims arising from an accident. MD. CODE ANN., INS., § 12-306 (settlement by insurer may not be construed as admission of liability by insured with respect to another claim arising from same accident).

3

Because no property claims are at issue in the current litigation, the statement "resulting in a total loss to the vehicle" is not relevant to any issue to be determined at trial. Therefore, permitting discovery and requiring Piatt to respond to such irrelevant allegations would prejudice Piatt. *See Xerox*, 220 F.R.D. at 243. This allegation is also prejudicial because it implies that the force of impact or resulting damages in the Occurrence were significant. The determination of whether a vehicle is a total loss, however, is not probative of force or damages because it is essentially a cost benefit analysis made by an insurance company. For all of these reasons, "resulting in a total loss to the vehicle" should be stricken from the Complaint.

> **B.      Reference to Seatbelts is Irrelevant, Inadmissible, and Prejudicial and Should be Stricken**

Maryland law prohibits any reference to whether the Plaintiffs were wearing a seatbelt in the instant action. MD. CODE ANN., TRANSP., § 22-412.3(h)(2) provides that, "a party, witness, or counsel may not make reference to a seatbelt during a trial of a civil action that involves property damage, personal injury, or death if the damage, injury, or death is not related to the design, manufactures, installation, supplying, or repair of seatbelt." Paragraph 14 alleges that the Plaintiffs and their passenger, Ms. Mahala "who were all wearing seatbelts" were thrown about the vehicle. As with the allegations concerning "total loss," Plaintiffs' allegations concerning seatbelts are prejudicial in that they attempt to make an impermissible implication concerning the impact of or damages resulting from the Occurrence. Because the Plaintiffs' claims in this matter do not fall within the statutory exception, the allegations concerning whether Plaintiffs were wearing their seatbelts should be stricken from the Complaint.

**C.     Allegations Concerning Charges Filed Against Mr. Piatt are Irrelevant, Inadmissible, and Highly Prejudicial and Should be Stricken**

The allegations in paragraphs 15, 16, and part of paragraph 20e of the Complaint are immaterial, impertinent, and scandalous. *See* portions of these paragraphs that should be stricken underlined above. Paragraph 15 concerns charges filed against Mr. Piatt as a result of the Occurrence. Paragraph 16 concerns the disposition of those charges, and portions of paragraph 20e concern driving under the influence and possession of controlled dangerous substances and paraphernalia therefor. These allegations are immaterial, impertinent, and scandalous and should be stricken from the Complaint.

For purposes of this motion, the Court may take judicial notice of the record with respect to the Maryland State charges brought against Mr. Piatt. Fed. R. Evid. 201. For purposes of Rule of Evidence 201, adjudicative facts are ones about the parties and their activities. *Dashiell v. Meeks*, 396 Md. 149, 175 n.6, 176 (2006). True and accurate copies of the docket reports with respect to the charges filed against Mr. Piatt are attached as **Exhibit A**.

It is true that Mr. Piatt was charged following the Occurrence with: (1) CDS Possession of Paraphernalia; (2) CDS Possession of Marijuana; (3) Failure to Obey Traffic Control Device; (4) Driving in Excess of Reasonable and Prudent Speed; and (5) Failure to Drive Right Half of Road." It is true that Mr. Piatt did not plead guilty to any of those charges. Exhibit B. And it is true that Mr. Piatt was granted probation before judgment unsupervised on the charge of CDS Possession of Marijuana; was found guilty of Failure to Obey Traffic Control Device, and was granted stets on the remaining three charges.

Nonetheless, it is the well-settled rule in Maryland that evidence of a conviction is inadmissible as substantive proof in a subsequent civil suit arising from the offense for which the person is convicted. *Briggeman v. Albert*, 322 Md. 133, 137 (1991) (payment of traffic fine for

5

failing to exercise due care for pedestrian not admissible in subsequent civil suit by pedestrian) (citing *Aetna Cas. & Sur. Co. v. Kuhl*, 296 Md. 446 (1983)).  Allegations relating to the disposition of charges filed against Mr. Piatt arising from the Occurrence are just the type of evidence expressly excluded by the rule as set forth in *Briggeman*.

Allowing evidence concerning charges against Mr. Piatt, when evidence of convictions is inadmissible, would be even more prejudicial to Mr. Piatt and would also be totally inconsistent with the rule outlined in *Briggeman*.[1]  Allegations related to the charges filed against Mr. Piatt and the disposition of those charges are not only immaterial, impertinent, and scandalous, but they are also highly prejudicial and improperly imply that Mr. Piatt is a bad person.  Thus, the allegations in paragraphs 15 and 16 concerning the charges filed against Mr. Piatt arising from the Occurrence and the disposition of those charges should be stricken from the Complaint.

The allegations of paragraph 20e related to driving under the influence of drugs and/or alcohol, possession of controlled dangerous substance paraphernalia, and possession of marijuana, should be stricken.  As an initial matter, there is no factual basis that supports the allegation that Mr. Piatt was under the influence of drugs or alcohol; he was not charged with any such offense.  Thus the allegations to this effect are without factual basis, immaterial to any claim in this matter, impertinent, and scandalous.  Because these allegations are without factual basis, they are highly prejudicial to Mr. Piatt and suggest that he was driving in an impaired state, a totally unsupported allegation.  These allegations are made solely for the purposes of casting Mr. Piatt in a negative light and, therefore, should be stricken.

---

[1] It would not make sense to exclude evidence of convictions in subsequent civil suits, while at the same time allowing evidence of charges in those civil suits.  Allowing evidence of charges would impermissibly permit the finder of fact to draw the impermissible inference that the defendant was guilty because a police officer issued a citation. *Briggeman*, 322 Md. at 139.

Beyond the Maryland rule concerning criminal convictions, whether Mr. Piatt was charged with possession of CDS paraphernalia and possession of marijuana are also totally irrelevant to the causes of action alleged in the Complaint.  With respect to Mr. Piatt's negligence (Count I), neither possession of paraphernalia nor possession of marijuana have any probative value because having possession of such items would not affect Mr. Piatt's driving ability.  With respect to negligent entrustment (Count II) and negligent hiring and/or retention (Count III), allegations concerning Mr. Piatt's conduct at or after the time of the Occurrence could not possibly have any probative value because they would not have been known by Defendants Mr. and Ms. White when they allegedly entrusted, hired, or retained Mr. Piatt.  Thus, these allegations are immaterial to any claim in this matter, impertinent, and scandalous.  Due to the nature of these allegations, they are highly prejudicial and improperly imply that Mr. Piatt is a bad person.  These allegations are made solely for the purposes of casting Mr. Piatt in a negative light and, therefore, should be stricken.

WHEREFORE, Defendant, Jacob Piatt, respectfully requests that this Court grant his Motion and strike the following underlined allegations from the Complaint:

> 14. The damage done to Mr. Brackins' vehicle was substantial, resulting in a total loss to the vehicle.  As a result of the heavy impact, Mr. Brackins, Ms. Blevins and Ms. Mahala, who were all wearing seatbelts were violently thrown about and against the interior of the vehicle.
>
> 15. As a result of the subject incident, Mr. Piatt was charged with the following violations of Maryland law: (1) CDS Possession of Paraphernalia; (2) CDS Possession of Marijuana; (3) Failure to Obey Traffic Control Device; (4) Driving in Excess of Reasonable and Prudent Speed; and (5) Failure to Drive on Right Half of Road.

<u>16. On or about November 18, 2013, in the District Court of Maryland for Harford County, Mr. Piatt was found guilty and was granted probation before judgment on the charge of CDS Possession of Marijuana; was found guilty of Failure to Obey Traffic Control Device, and was granted Stets on the remaining three charges.</u>

20. e. failing to obey the laws and statutes of the State of Maryland, including, but not limited to: failing to yield the right of way, failing to obey a traffic control device, failing to drive within the marked lanes on a highway, failing to drive on the right half of the road, failing to control speed to avoid an accident, driving in excess of reasonable and prudent speed<u>, driving under the influence of drugs and/or alcohol, possession of controlled dangerous substance paraphernalia, and possession of marijuana.</u>

DATED: August 12, 2015

                            Respectfully submitted,

                                /s/  
                           Charles L. Simmons Jr. (Bar No. 24278)  
                           James R. Jeffcoat (Bar No.: 30105)  
                           GORMAN & WILLIAMS  
                           36 S. Charles Street, Suite 900  
                           Baltimore, Maryland 21201  
                           clsimmons@gandwlaw.com  
                           jjeffcoat@gandwlaw.com  
                           (410) 528-0600 telephone  
                           (410) 528-0602 facsimile