IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANA D. BLEVINS, *et al.*,

    *Plaintiffs*,

v.

JACOB A. PIATT, *et al.*,

    *Defendants*.

Civil Action No. ELH-15-1551

**MEMORANDUM**

This case arises from a motor vehicle accident that occurred in Harford County, Maryland on May 9, 2013. Dana Blevins and Garrett Brackins, plaintiffs, have filed a negligence suit against defendants Jacob Piatt; James White, Jr.; and Beatrice White, asserting diversity jurisdiction under 28 U.S.C. § 1332. ECF 1. They allege that, at the time of the occurrence, Brackins was operating a 2005 Dodge Ram Truck in which Blevins and one other person were passengers. According to plaintiffs, Piatt was operating a vehicle owned by James and Beatrice White, when he struck the vehicle of a third party and then struck the Dodge truck operated by Mr. Brackins. *Id.*

In particular, the Complaint contains three counts. In Count I, plaintiffs allege negligence against Mr. Piatt. In Count II, plaintiffs allege negligent entrustment against the Whites. And, in Count III, they assert a claim against the Whites for negligent hiring or retention. James and Beatrice White subsequently filed a Suggestion of Bankruptcy on October 12, 2015. *See* ECF 19. Therefore, the suit is stayed as to them.

Now pending is a "Motion To Strike" (ECF 7) filed by Piatt, pursuant to Fed. R. Civ. P. 12(f), supported by a Memorandum (ECF 7-1) (collectively, "Motion"). Piatt seeks to strike all or part of the allegations in paragraphs 14, 15, 16, and 20(e) of the Complaint, as immaterial,

impertinent, and scandalous.  *See* ECF 7.  Plaintiffs oppose the Motion.  ECF 13, Opposition; ECF 13-1, Memorandum (collectively, "Opposition").  Piatt has filed a Reply.  ECF 18.

The Motion has been fully briefed, and no hearing is necessary to resolve it.  *See* Local Rule 105.6.  For the reasons stated below, I shall grant the Motion in part and deny it in part.

## I.     The Disputed Allegations

As noted, Piatt seeks to strike all or part of the allegations contained in paragraphs 14, 15, 16, and 20(e) of the Complaint.  ECF 7-1 at 2.  In his view, the disputed allegations "are prejudicial and are improperly included solely to portray Mr. Piatt in a negative light."  *Id.*

The allegations at issue are set forth below, with the underlining of the portions sought to be stricken (ECF 7-1 at 2–3):

14. The damage done to Mr. Brackins' vehicle was substantial, <u>resulting in a total loss to the vehicle</u>.  As a result of the heavy impact, Mr. Brackins, Ms. Blevins and Ms. Mahala, <u>who were all wearing seatbelts</u> were violently thrown about and against the interior of the vehicle.

15. <u>As a result of the subject incident, Mr. Piatt was charged with the following violations of Maryland law: (1) [controlled dangerous substance ("CDS")] possession of Paraphernalia; (2) CDS Possession of Marijuana; (3) Failure to Obey Traffic Control Device; (4) Driving in Excess of Reasonable and Prudent Speed; and (5) Failure to Drive on Right Half of Road</u>.

16. <u>On or about November 18, 2013, in the District Court of Maryland for Harford County, Mr. Piatt was found guilty and was granted probation before judgment on the charge of CDS Possession of Marijuana; was found guilty of</u>

Failure to Obey Traffic Control Device, and was granted Stets on the remaining three charges.

20. e. failing to obey the laws and statutes of the State of Maryland, including, but not limited to: failing to yield the right of way, failing to obey a traffic control device, failing to drive within the marked lanes on a highway, failing to drive on the right half of the road, failing to control speed to avoid an accident, driving in excess of reasonable and prudent speed, driving under the influence of drugs and/or alcohol, possession of controlled dangerous substance paraphernalia, and possession of marijuana.

## II.   Discussion

### A.

Rule 12(f) provides, in part:   "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   *See*, *.e.g.*, *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012).   In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at 336.

"Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 Fed. App'x 239, 247 (4th Cir. 2007).   Therefore, "[w]hen reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Piontek v. Serv. Ctrs. Corp.*, PJM 10-1202, 2010 WL 4449419, at *8–9 (D. Md. Nov. 5, 2010) (citation omitted).

Rule 12(f) motions ordinarily "will be denied unless the matter under challenge has 'no possible relation to the controversy and may prejudice the other party.'" *U.S. ex rel. Ackley v. Int'l Bus. Machines Corp.*, 110 F. Supp. 2d 395, 406 (D. Md. 2000) (quoting *Steuart Inv. Co. v. Bauer Dredging Constr. Co.*, 323 F. Supp. 907, 909 (D. Md. 1971)); *accord Williams v. Kettler Mgmt. Inc.*, CCB-12-1226, 2014 WL 509474 (D. Md. Feb. 5, 2014); *E.E.O.C. v. Spoa, LLC*, CCB-13-1615, 2014 WL 47337 (D. Md. Jan. 3, 2014).   In contrast, "'the disfavored character of Rule 12(f) is relaxed in the context of scandalous allegations, *i.e.*, those that improperly cast a derogatory light on someone.'" *Asher & Simons, P.A. v. J2 Global Canada, Inc.*, 965 F. Supp. 2d 701, 702 (D. Md. 2013) (citation omitted), *partial reconsideration on other grounds*, 977 F. Supp. 2d 544 (D. Md. 2013).

To illustrate, "'a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.'" *Waste Mgmt. Holdings*, 252 F.3d at 347 (quoting 5AA CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1381, 665 (2d ed. 1990)).   On the other hand, a motion to strike a defense "should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." *NCUA v. First Union Capital Mtks. Corp.*, 189 F.R.D. 158, 163 (D. Md. 1999); *see Federal Ins. Co. v. Edenbaum*, JKS-12-410, 2012 WL 2803739, at *2 (D. Md. July 9, 2012).   Logically, this rationale also applies to allegations in a complaint.   In other words, the relevance of allegations may turn on disputed issues of fact or law, so as to render it premature to strike them.

### B.

As to paragraph 14, concerning the "total loss to the vehicle," defendant maintains that the matter of the property damage has been resolved between the parties' insurers.   ECF 7-1 at 3.

In addition, Piatt contends that, under Md. Code, Ins. § 12-306, a settlement made by an insurer may not be construed as an admission of liability in connection with claims arising from an accident. *Id.* Moreover, because no property claims are at issue, Piatt contends that the damage to the vehicle "is not relevant to any issue to be determined at trial." *Id.* at 4.

Plaintiffs counter that evidence of physical damage to a vehicle is relevant as it pertains to the force of impact. ECF 13-1 at 8. Moreover, they maintain that defendants' contentions raise evidentiary issues, not pleading issues. *Id.*

In Reply, defendant asserts that "a post-accident determination by an insurance company concerning whether a vehicle was a total loss" is not relevant. In his view, an insurance company's determination as to whether to declare a vehicle a total loss "does not inform the fact-finder concerning the [force of the] accident but could be improperly used to suggest a determination, bearing on liability for the accident . . . ." ECF 18 at 4.

In this case, the vehicular accident occurred in 2013. At the time, Mr. Brackins was operating a 2005 Dodge Ram truck. The force of the impact is obviously relevant to the suit. And, to the extent damage to the vehicle relates to the force of impact, there is no basis to strike allegations concerning damage to the truck.

However, the fact that an insurance company declared the vehicle a total loss has no bearing on the force of the impact. That is an economic decision.

In general, when a plaintiff's personal property has been physically damaged due to a defendant's tortious conduct, there are two ways to measure damages. 3 DOBBS, THE LAW OF TORTS (2011), § 481 at 20. Dobbs explains, *id.* (footnotes omitted):

> The first rule is the diminished value rule. It gives the plaintiff the difference between the value of the property immediately before harm was done and the value immediately afterwards.[ ] This measures the loss in capital value of the land or chattel. The second rule is the cost rule. It gives the plaintiff the cost of repair

or replacement (subject to appropriate adjustments for salvage).[] This measures the potential cash impact upon the plaintiff. When the property is either converted or totally destroyed by negligence, a special version of the diminished value rule applies; the plaintiff recovers the value of the property at the time it was destroyed or converted,[] or, in the case of conversion, at a reasonable time thereafter.[]

As Dobbs observes, however, "[n]either rule works well in all cases." He states, *id.* at 20:

If the cost of repair is much higher than the diminished value, sometimes the diminished value should impose a ceiling on recovery because if repair costs are higher that will usually mean that repairs would be economically foolish.

To determine the amount of compensation for damage to a motor vehicle, "it is necessary to know at least three facts: the cost of repairs, the value of the vehicle immediately before the injury, and the value of the vehicle immediately after the injury." *Kruvant v. Dickerman*, 18 Md. App. 1, 3, 305 A.2d 227, 229 (1973).

In *Taylor v. King*, 241 Md. 50, 213 A.2d 504 (1965), the Maryland Court of Appeals discussed the measure of damages pertaining to a vehicle that was damaged in a collision but not completely destroyed. *Id.* at 54-55, 213 A.2d at 507. The *Taylor* Court said that it is "clear that the rule in Maryland[] with respect to the measure of damages for injury to a motor vehicle, which has not been completely destroyed, is the reasonable cost of the repairs necessary to restore it to substantially the same condition that it was in before the injury, provided the cost of repairs is less than the diminution in market value due to the injury." *Id.* at 54-55, 213 A.2d at 507. Conversely, the *Taylor* Court stated that, "when the cost of restoring a motor vehicle to substantially the same condition is greater than the diminution in market value, the measure of damages is the difference between the market value immediately before and immediately after the injury." *Id.* at 55, 213 A.2d at 507.

*Fred Frederick Motors, Inc. v. Krause*, 12 Md. App. 62, 277 A.2d 464 (1971), also provides guidance.  There, the Maryland Court of Special Appeals considered the determination of damages for a motor vehicle.  Notably, the *Krause* Court said, *id.* at 64-65, 277 A.2d at 466:

> [T]he position to which the injured party should be restored is the same, i.e., complete compensation for the injury. If the vehicle is completely destroyed, the plaintiff receives the market value. To be consistent, the plaintiff should be put in the same position when his injured vehicle is repairable; he should have a vehicle of the same market value. If the repaired vehicle does not have the same market value, the plaintiff should receive additional damages. To do otherwise would put the plaintiff in a different position depending on whether the vehicle was partially or completely destroyed. If the vehicle were partially destroyed, plaintiff would receive a repaired vehicle that looked and operated the same but was worth less. If the car were completely destroyed, plaintiff would receive the market value. This disparity is removed by putting the plaintiff in the same position whether the car is completely or partially destroyed. To do otherwise would violate the basic principle that the injured party should, insofar as possible, be restored to his original position before the accident.

Moreover, the *Krause* Court said, *id.* at 66-67, 277 A.2d at 467:

> [I]f the plaintiff can prove that after repairs his vehicle has a diminished market value from being injured, then he can recover in addition to the cost of repairs the diminution in market value, provided the two together do not exceed the diminution in value prior to the repairs.

The cases cited above reflect that the calculation of monetary compensation for a motor vehicle damaged in an accident is a matter of economics, and may have no relation to the force of impact.  A vehicle could be declared a total loss if the cost of repairs exceeds its fair market value.

Therefore, I shall grant the Motion as to the allegation of total loss, because that allegation is irrelevant in the context of this case.  However, this does not preclude plaintiffs from alleging facts concerning the nature and extent of damage to the vehicle, because this may be pertinent to the force of the impact.

## C.

Defendant challenges the reference to seatbelts in paragraph 14 of the Complaint, asserting that it is irrelevant and prejudicial.  He relies, *inter alia*, on Md. Code, Transp. § 22-412.3(h)(2).  It provides that "a party, witness, or counsel may not make reference to a seatbelt during a trial of a civil action that involves property damage, personal injury, or death if the damage, injury, or death is not related to the design, manufacture, installation, supplying, or repair of a seat belt."  ECF 7-1 at 4.  In defendant's view, plaintiffs' "allegations concerning seatbelts are prejudicial in that they attempt to make an impermissible implication concerning the impact of or damages resulting" from the accident.  *Id.*

Plaintiffs counter that, in effect, Piatt has filed a premature motion in limine, seeking a "trial evidentiary ruling," which is improper at this juncture.  ECF 13-1 at 10.  Further, they maintain that questions as to the admissibility of evidence are procedural in nature and therefore federal law, not State law, applies.  *Id.* (citing *Bryte v. American Household, Inc.*, 429 F.3d 469, 475-76 (4th Cir. 2005), *cert. denied*, 547 U.S. 1129 (2006)).  And, they observe that contributory negligence "remains the law of Maryland."  *Id.* (citing *Coleman v. Soccer Ass'n of Columbia*, 432 Md. 679, 69 A.3d 1149 (2013)).  Therefore, plaintiffs assert:  "Plaintiffs are entitled to defend themselves against any suggestion that they did not take care for their own safety."  *Id.*

Defendant cites *Ramrattan v. Burger King Corp.*, 656 F. Supp. 522, 527 (D. Md. 1987), to support his contention that this Court should strike the reference to the use of seatbelts because this information would be inadmissible at trial.  In *Ramrattan*, the defendant sought to present evidence at trial that plaintiffs were not wearing seatbelts at the time of the accident and plaintiffs moved to preclude such evidence.  *Id.* at 527.  Of relevance here, the matter was addressed in the context of a motion in limine, not a motion to strike.  Judge Joseph Young

granted the motion to preclude defendants from presenting such evidence *at trial* because seatbelt use was not relevant to issues of contributory negligence in the context of that case. *Id.*

As plaintiffs point out, in Maryland a plaintiff who is contributorily negligent is barred from recovery. And, because there is nothing scandalous or prejudicial about the allegations as to their use, there is no basis to strike from the Complaint the allegation that plaintiffs wore their seatbelts.

### D.

Defendant challenges portions of paragraphs 15, 16, and 20(e), pertaining to the criminal charges lodged against Mr. Piatt as a result of the accident, the disposition of those charges, and the allegation that Piatt was driving under the influence of drugs or alcohol. ECF 7-1 at 5. Defendant has attached as an exhibit copies of the docket report with respect to the charges (*see* ECF 7-2) and acknowledges that, for purposes of the Motion, the Court may take judicial notice of the criminal charges filed against Mr. Piatt. ECF 7-1 at 5 (citing Fed. R. Evid. 201). However, defendant maintains that "evidence of a conviction is inadmissible as substantive proof in a subsequent civil suit arising from the offense for which the person is convicted." ECF 7-1 at 5-6 (citing *Briggeman v. Albert*, 322 Md. 133, 137, 586 A.2d 15, 17 (1991)). Moreover, he asserts that "there is no factual basis that supports the allegation that Mr. Piatt was under the influence of drugs or alcohol; he was not charged with any such offense." ECF 7-1 at 6. Therefore, he contends that these assertions are unfounded and thus "scandalous." *Id.*; *see also* ECF 18 at 3-7.

Mr. Piatt was charged with several traffic offenses and two CDS offenses. He contends that he did not plead guilty to any charges. ECF 7-1 at 5. He was granted probation before judgment on the charge of possession of marijuana and was found guilty of failure to obey a

traffic control device.  *Id.* at 5.  Three remaining charges were placed on the stet docket.  ECF 7-2.

Citing *Crane v. Dunn*, 382 Md. 83, 101-02, 854 A.2d 1180, 1191 (2004), plaintiffs contend that a guilty plea in open court, even for a traffic violation, is admissible as an admission of a party opponent.  ECF 13-1 at 11.  Moreover, plaintiffs assert that because suit was just filed, and no discovery has taken place, they "do not yet know all the circumstances surrounding" Piatt's conviction. *Id.*  They also dispute any potential prejudice to defendant, given the public record of his criminal proceedings.  ECF 13-1 at 12.  And, they maintain that the matter of the admissibility of a conviction at trial, including a finding of probation before judgment, is for this Court to determine.  They rely, *inter alia*, on *Leitman v. McAusland*, 934 F.2d 46, 50 (4th Cir. 1991), in which the Court said: "A State evidentiary rule . . . does not control admissibility of evidence in federal proceedings."

In Reply, defendant insists that assessment of prejudice is not determined by whether a matter is in the public record.  ECF 18 at 1-2.  And, as to the probation before judgment on the CDS charge, he asserts that it is not a conviction at all, and so it cannot be used against him at trial.  *Id.*  at 2.  He cites *Molter v. State*, 201 Md. App. 155, 171-75, 28 A.3d 797 (2011), and *Fed. Ins. Co. v. Edenbaum*, *supra*, JKS-12-410, 2012 WL 2803739 at *3.  In addition, Piatt claims that the allegation as to driving under the influence is "premature."  ECF 18 at 4.

Although Piatt asserts that the allegations are prejudicial (ECF 18 at 3), "Piatt does not dispute that whether he was under the influence of drugs or alcohol would be relevant to Plaintiffs' claims."  *Id.*  Moreover, he concedes that whether he was "under the influence of anything is appropriately a subject of discovery. . . ."  ECF 18 at 4.

In *Eagan v. Calhoun*, 347 Md. 72, 86, 698 A.2d 1097, 1104 (1997), the Maryland Court of Appeals said:  "A criminal conviction is not conclusive of the facts behind it in a subsequent civil proceeding, and, indeed, the conviction is ordinarily not even admissible in the civil action as evidence of the underlying facts."  On the other hand, the court recognized that a plea of guilty constitutes a judicial admission in Maryland.  *Id.* at 87, 698 A.2d at 1105; *see also Edenbaum*, 2012 WL 2803739 (concluding that the defendant's guilty plea was admissible as an admission of a party opponent under Fed. R. Evid. 801(d)(2)).

Apparently, Piatt did not plead guilty.  Nonetheless, review of the Complaint persuades me that the disputed content is not "redundant, immaterial, impertinent, [] scandalous," or otherwise inappropriate. Fed. R. Civ. P. 12(f).

To be sure, the Complaint may contain some factual details beyond those necessary to meet the pleading standards of Fed. R. Civ. P. 8(a).  But, the inclusion of more facts than needed to state a claim is not grounds to grant a motion to strike.  *See Fette v. ACell, Inc.*, Civ. No. ELH-12-3733, 2013 WL 500497, at *1 (D. Md. Feb. 8, 2013). *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level.") (Internal quotation marks and citation omitted).

Although defendant asserts that the disputed allegations are prejudicial, he does not articulate what prejudice he would sustain by having to respond to the portions of the Complaint that allegedly do not comply with Rule 12(f).  *See* Fed. R. Civ. P. 7(b) (providing that a motion must "state with particularity the grounds for seeking the order"); *see also Haley Paint Co.*, 279 F.R.D. at 337 (exercising discretion not to strike pleadings under Rule 12(f) where the movants

"articulated no prejudice that would result from a denial of their motion"); *U.S. ex rel. Ackley*, 110 F. Supp. 2d at 406 (noting that Rule 12(f) motions "will be denied unless the matter under challenge has no possible relation to the controversy *and may prejudice the other party*") (emphasis added; internal citations and quotations omitted).   Moreover, it is evident that there was a basis for plaintiffs to include the allegations, and to explore them in discovery.   That Piatt was not charged with a DUI offense does not mean he was not driving under the influence.

In general, Piatt seems to labor under the misconception that an allegation in a complaint automatically renders the allegation admissible at trial.  This is simply not so.   As the Court said in *Md. State Conf. of NAACP Branches v. Md. Dep't of State Police*, 72 F. Supp. 2d 560, 569 (D. Md. 1999), "inclusion of an event (such as settlement of a lawsuit) in the complaint does not determine whether evidence of that event will be admissible or legally significant.   Taking the time to determine whether any particular sentence or paragraph has 'no possible relation to the controversy'. . . is not warranted."   (Internal citation omitted).   At this juncture, it is premature to resolve evidentiary disputes, including those relating to the disposition of the criminal charges lodged against Mr. Piatt.

An Order follows.


Date:   December 4, 2015                             /s/

                                                      Ellen L. Hollander
                                                      United States District Judge